UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 NOV -1  P 4: 20

PRIMZX RECOVERIES, INC.
    Plaintiff

CIVIL ACTION NO.
3:01CV509(MRK)

U.S. DISTRICT COURT
NEW HAVEN, CT

VS.

CHARLES SHANNON
& ANDREA HOTEL. INC.
    Defendants

OCTOBER 13, 2004

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMARY JUDGMENT

The plaintiff is attempting to pursue a subrogation claim as an assignee of an insurer and subrogee of Charles Shannon, its insured. The plaintiff's claim seeks reimbursement of payments made for the medical care and treatment rendered to said Charles Shannon on account of injuries sustained in a May 28, 1999 auto accident.

### FACTS

Charles Shannon was seriously injured in an auto accident occurring in Bozrah Connecticut on or about May 28, 1999. Prior to the accident, Charles Shannon had been in Misquamicutt, RI and had allegedly been served alcoholic beverages at the Andrea Hotel, Inc. At the time of the accident, Charles Shannon was riding as a passenger in a motor vehicle owned and operated by a Steven Marion who is also alleged to have been drinking at the Andrea Hotel. Subsequent to the accident, Charles Shannon made a claim against the negligent operator of the vehicle he was riding in and recovered $100,000.00

from the liability insurer in exchange for a full and final release of all claims arising from the accident. Subsequent to said settlement, the plaintiff commenced suit against its insured Charles Shannon seeking reimbursement of the amounts it had paid on Shannon's behalf out of the settlement funds. The action was filed on March 30, 2001 and Judgment by stipulation in favor of the plaintiff for ($180,560.30) was entered on June 18, 2001. On October 30, 2002 Plaintiff filed a motion to Vacate the June 18, 2001 Judgment and to file an Amend Complaint adding the Andrea Hotel, Inc. as a party defendant. Plaintiff's motion to vacate and amend was granted, and on February 4, 2003 an Amended Complaint naming the Andrea Hotel, Inc. as a Party Defendant was filed for the first time. The Andrea Hotel Inc. was served with a copy of the amended complaint on March 4, 2003. The Andrea Hotel filed its answer by mailing a copy of the same to this court on March 17, 2003. The Defendant's answer was returned to Defendant's Attorney on March 25th and was re-filed on April 1, 2003. The Defendant, Andrea Hotel Inc., pled the defense of statute of limitations in its answer. In September, 2004 the Plaintiff voluntarily dismissed the action against Charles Shannon, with prejudice, thereby abandoning the breach of contract claim against Charles Shannon and now seeks to pursue a subrogation action against the Andrea Hotel.

## **CHOICE OF LAW**

The Plaintiff's authority to make or pursue the within claim, if it exists at all, must be based upon a Rhode Island law which prohibits a Rhode Island retail alcohol beverage licensee from serving alcohol negligently or recklessly to minors or physically intoxicated persons. Since the statute only pertains to Rhode Island licensees and applies to conduct occurring in the State of Rhode Island, Rhode Island's interests are superior to all others. Moreover the primary purpose of the Rhode Island Liquor Liability Act is to prevent intoxicated related injuries, deaths and other damages among Rhode Island's population. Accordingly this court shall be bound to apply Rhode Island Law.

## APPLICABLE STATUTORY LAW

### Causes of action:

R.I.G.L. 9-1-14 Limitation of action for words spoken or personal injuries–

(b) Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after.

### Alcoholic Beverages

R.I.G.L. 3-14-11 Statute of Limitations –

Any action under this chapter against a defendant alleging negligent or reckless conduct must be brought within three (3) years after the cause of action accrues.

## ARGUMENT

Plaintiffs subrogation claim against the Defendant, Andrea Hotel, Inc., is not based on plaintiff being injured as a result of the defendants negligence, it is based on Charles Shannon's claim against the Andrea for allegedly having served beverages to an intoxicated person in violation of the Rhode Island statute and is subject to the conditions if any set forth in said statute. As a condition to the liability created by the Rhode Island statute that makes a seller of alcoholic beverages liable for damages caused by an intoxicated tortfeasor, the action must be filed within three years of its accrual. (R.I.G.L.3-14-11). Unlike the statute of limitations applicable to personal injuries in general (R.I.G.L.9-1-14) which can act as a bar to the making of a claim, this condition unless met, acts as a bar to the existence of liability. The liability of the licensed server will not be created, it will not exist in the law and plaintiff will not have any rights against the licensee as a matter of law. The Rhode Island Supreme Court has stated that where a statute creates a cause of action unknown at common law contains a time limit or statute of limitations, so called, said limitation is a precondition to the maintaining of such an action. As a result unless the statute provides for or contains exceptions to said

precondition or instances in which the running of said period is tolled, the bar of all claims not filed within said period is not subject to judicial alteration. **Cadieux vs. Industrial Telephone & Telegraph Corp** 593f.$2^{nd}$2d 142, 144, (1st Cir 1979) If plaintiffs cause of action against the liquor licensee is not barred by R.I.G.L. 3-14-11, it must fail as the complaint was not filed within the three (3) year statute of limitation for injuries to the person as is provided in R.I.G.L. 9-1-14, and the claim is therefore forever barred.

The fact that the Andrea Hotel was made a party thru the use of an amended complaint does not mean that the filing date of the amended complaint reverts back to the original filing date, thereby bypassing the application of the statute of limitations. *Peloso vs. Rhode Sand and Gravel Co.* 114 Rhode Island 232, 330 A.2d 900 (1975).

. An amendment, which would have the affect of bringing in a new party after expiration of the statute of limitation, is not authorized under Rule 15 of the Rhode Island and Federal Rules of Civil Procedure. An insurers subrogation claim is derived from that of its insured, and it is subject to the same statute of limitations as though the action was sued upon by the insured. *Silva vs. Home Indem. Co.* 416 A2d 664 (1980). Generally, under Rhode Island Law, cause of action accrues and statute of limitations begins running, at time injury occurs. R.I.G.L. 1956, 9-1-14 ***Swiss vs. Eli Lilli & Company,*** 559 F.Supp. 621.Statute of Limitations in regard to personal injury actions are not extended by the rule which allows joining of 3rd-party Defendant who may be liable to the original

Defendant for all or part of any judgment. Assertion of a claim against a 3rd party Defendant implead after the running of statutory period cannot be authorized under 3rd-party practice rules. **_Silva vs. Home Indem. Co_.** 416 A2d 664 (1980). **Swiss _vs. Eli Lilli & Company_**, 559 F.Supp. 621. As a general rule for Statute of Limitations purposes an action for personal injuries sustained in an auto accident accrues on the date of the injury. _VonVills vs. Williams_ 366 A2d 545, 117 RI 309.

## CONCLUSION

Summary Judgment is proper when a review of the pleadings, affidavits, and any other documents in a light most favorable to the non-moving party, establish that there exists no genuine issue of a material fact, and the moving party is entitled to judgment as a matter of law. Without admitting that the plaintiff has, had or may have had a right to pursue any action, if such a right ever existed its time of accrual would have begun running on May 29, 1999, the day after the accident. Accordingly any claim under the R.I. Liquor Liability Act, so-called would have had to have been filed on or before May 28th, 2002 as such statutory right of action and liability would not exist thereafter. Although plaintiff filed an action against its insured, Charles Shannon, for breach of contract within three years of the accident no suit was commenced against the Andrea Hotel until more than three had passed. Since the filing of an action within three years is a precondition to the existence of any right under the statute Rule 15 is not applicable. Even if the statute

did not contain the time limit precondition, the plaintiff having been aware of the potential claim against the Andrea Hotel prior to the entry of Judgment against Charles Shannon on June 18, 2001, its failure to commence or have commenced on its behalf an action against said Andrea Hotel within the statutory time was not due to lack of knowledge, fraud or excusable mistake, but rather a conscious election to pursue the action against Charles Shannon only, and therefore the amended complaint will not relate back so as to escape the bar of the statute of limitations.

Clearly the complaint against the Andrea Hotel was not filed within the applicable period of limitations, nor was the running tolled or tollable under RIGL 3-11-14, and said action must be dismissed with prejudice

The Defendant

Andrea Hotel, Inc.

Lawrence J. Cappuccio Bar#:16306
Cappuccio & Cappuccio
P.O. Box 763
Westerly, R.I. 02891

LOCAL ADDRESS:

FUSCO & GIUILIANO
39 Russ Street
Hartford, Connecticut 06106
Tel # 860-547-0500

## CERTIFICATION

I, Lawrence J. Cappuccio hereby certify that I mailed a copy of the within Motion to Kenneth Beck, attorney for the plaintiff on October 13th, 2004

*[signature]*

Lawrence J. Cappuccio